**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIVIL NO. 3:18-CV-1014 |
| v. | (JUDGE CAPUTO) |
| ROSSY ALBERTO d/b/a RA MULTISERVICES AND IMMIGRATION, RA IMMIGRATION SERVICES, and RA MULTISERVICES | |
| Defendant. | |

### **MEMORANDUM**

Presently before me is a Motion for Summary Judgment (Doc. 13) filed by Plaintiff United States of America ("Plaintiff" or "the Government") against Defendant Rossy Alberto, doing business as RA Multiservices and Immigration; RA Immigration Services; and RA Multiservices ("Defendant" or "Alberto"), seeking a permanent injunction against the Defendant for violations of the Internal Revenue Code ("tax code"). Because the Government has shown that a permanent injunction is appropriate to prevent the recurrence of clear violations of the tax code, its unopposed Motion for Summary Judgment will be granted and the Defendant will be permanently enjoined from tax preparation.

### **I. Background**

The facts relevant to the instant Motion are set forth in Plaintiff's Statement of Material Facts and supporting exhibits (Doc. 13-3) as follows[1]:

---

[1] Due to the Defendant's failure to respond to Plaintiff's Statement of Material Facts, the asserted facts are deemed admitted by the Defendant. *See United States v. Klingler*, 2015 WL 778366, at *2 (M.D. Pa. 2015) (citing M.D. Pa. L.R. 56.1 (providing, in pertinent part, that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.")); *see also* Fed. R. Civ. P. 56(e)(2) (stating that court may

Alberto owns and operates a tax return preparation business in Hazleton, Pennsylvania as a sole proprietor under the name RA Multiservices and Immigration, RA Immigration Services, and RA Multiservices. (Doc. 13-3 at ¶¶ 1-2). For tax years 2011 through 2018, Alberto prepared over 2,000 tax returns for various taxayers. (*Id*. at ¶ 3). On many of these returns, despite requests to desist by the Internal Revenue Serice ("IRS"), Alberto would claim false business expenses, false tax credits, and false business losses. (*Id*. at ¶¶ 4, 7, 9-10, 12, 14, 18-19; *see also* Doc. 13-2 at ¶ 10 (Statement by Revenue Agent Julie K. Hersh) (stating that of 51 audited returns prepared by Alberto, 96% were found to have understated tax liability)). Alberto also used her boyfriend's Preparer Tax Identification Number ("PTIN") to prepare and file returns during the 2016 tax filing season. (*Id*. at ¶¶ 20-21). This PTIN was attained by Alberto's boyfriend only after the IRS suspended Alberto's personal PTIN in 2015. (*Id*.; Doc. 13-2 at ¶¶ 30-31). During this time, Alberto would also have portions of clients' tax returns deposited into a personal account by listing her personal account information on the specified return form. (*Id*. at ¶¶ 22-23). The IRS sent correspondence to Alberto, and even met with her in person in January 2017, to encourage the proper filing of her clients' returns and to advise her to stop all of the above violations, but many of the violations nonetheless continued. (*Id*. at ¶¶ 5-6, 16-17, 24-26; Doc. 13-2 at ¶¶ 21-29).

The Government then filed a Complaint for Permanent Injunction and Other Equitable Relief on May 15, 2018 asserting that Alberto's actions necessitated a permanent injunction blocking her from continuing her preparation and filing business. (*See* Doc. 1). Alberto answered the Complaint on July 31, 2018, admitting certain facts about her business (i.e., that she does operate a tax return business), but either denied the

---

deem asserted facts "undisputed for purposes of the motion" if not contested by the opposing party).

allegations in the Complaint as conclusions of law or claimed that she had insufficient knowledge to form a belief about the claims' veracity. (*See* Doc. 8). The Government proceeded to file the instant Motion for Summary Judgment (Doc. 13), Memorandum of Law in Support (Doc. 13-1), and Statement of Material Facts in Support (Doc. 13-3) on October 25, 2019. Alberto has failed to respond to this Motion within the statutory twenty-one (21) day time period. *See* M.D. Pa. L.R. 7.6 (stating that an opposing party must respond to a Motion for Summary Judgment within 21 days of being served with movant's motion and brief).

As such, and as already stated, the Defendant is deemed to have admitted to the Government's asserted facts. *Klingler*, 2015 WL 778366, at *2. I will therefore analyze the merits of Plaintiff's Motion to determine whether the undisputed facts satisfy the summary judgment standard. *See Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993); *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174-75 (3d Cir. 1990); *Moultrie v. Luzerne Cnty. Prison*, 2008 WL 4748240, at *2 (M.D. Pa. 2008).

## II. Legal Standard

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also* Fed. R. Civ. P. 56(a) (stating that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A factual dispute is genuine only if

there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 249.

The moving party has the burden of showing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law, but the nonmoving party must present affirmative evidence and specific facts from which a jury might return a verdict in the nonmoving party's favor. *Id*. at 256-57; *Howard Hess Denal Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010); *see also Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) ("To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial."). In challenging the moving party's motion, Local Rule 56.1 directs the non-moving party to file a statement of facts responding to the facts asserted by the moving party so as to establish a genuine issue for the trier of fact and defeat summary judgment. *Muhammad v. C.O. Gray*, 2020 WL 353412, at *2 (M.D. Pa. 2020). Failure to file this counterstatement results in admission of the moving party's statement of facts. *Id*. (citing M.D. Pa. L.R. 56.1); *see also Hodge v. United States*, 2009 WL 2843332, at *13 (M.D. Pa. 2009) (discussing the effect of failing to file responses to a motion for summary judgment under Local Rule 56.1). This rule applies to all parties regardless of status, including if a party is a *pro se* litigant. *Id*. (citing *Sanders v. Beard*, 2010 WL 2853261, at *4-5 (M.D. Pa. 2010); *see also Hodge*, 2009 WL 2843332, at *13 (holding that *pro se* plaintiff was deemed to have admitted defendant's statement of material facts for failing to comply with Local Rule 56.1).

In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505. Even when dealing with admitted facts from an unopposed motion, the judge must still apply those facts

4

to the law to determine whether judgment for the moving party is appropriate. *See Lorenzo v. Griffith*, 12 F.3d 23, 27-28 (3d Cir. 1993) (discussing court's responsibility to determine whether the moving party is entitled to judgment as a matter of law despite admission of facts by the nonmoving party); *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174-75 (3d Cir. 1990) (same); *Klingler*, 2015 WL 778366, at *2 (same). "[T]he court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). I need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

### III. Discussion

The Government seeks a permanent injunction against Alberto under 26 U.S.C. §§ 7402, 7407, and 7408 (individually referred to as "Section 7402," "Section 7407," and "Section 7408" or collectively referred to as "tax codes").[2] All three statutes authorize district courts to issue injunctions against those who violate the tax code. *See Venie*, 692 F.Supp. at 836-37 (discussing the function of Section 7402 and 7407 and court's authority under them); *Bell*, 238 F.Supp.2d at 705 n.8 (discussing court's power to issue injunctions under

---

[2] Finding that Defendant's conduct was a violation of any of these statutes would suffice to provide injunctive relief. *See, e.g., generally United States v. Venie,* 691 F.Supp.834 (M.D. Pa. 1988) (granting relief requested under all three statutes in the form of one injunction); *United States v. James*, 2011 WL 1422894 (E.D. Pa. 2011) (same); *see also United States v. Bell*, 238 F.Supp.2d 696, 705 n.8 (M.D. Pa. 2003) (noting that court had the power to grant an injunction under Section 7402, 7407, or 7408). Alternatively, I may grant one injunction for simultaneous violations of multiple statutes. *Id*. Further, while tax code injunctions are typically pursued by motions for preliminary or permanent injunction, "courts regularly grant motions for summary judgment seeking the imposition of a permanent injunction under [26 U.S.C.] §§ 7402(a), 7407 and 7408." *United States v. Pugh*, 717 F.Supp.2d 271, 285 (E.D.N.Y. 2010) (aggregating cases).

all three statutes).

Specifically, Section 7402 broadly authorizes injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a); *see also Pugh*, 717 F.Supp.2d at 299 (internal citations and quotations omitted) ("[Section] 7402(a) is essentially a catch-all provision, which allows a court to issue injunctions . . . even if the United States has other remedies available for enforcing the internal revenue laws [ ] and has been used to enjoin interference with tax enforcement even when such interference does not violate any particular tax statute).

Section 7407 authorizes an injunction if three conditions are met: (1) the person to be enjoined is a tax preparer; (2) the tax preparer's conduct falls into one of four specified categories of conduct; and (3) the injunctive relief is appropriate to prevent recurrence of the prohibited conduct. 26 U.S.C. §§ 7407(a)-(b). The four types of specified prohibited conduct are: (1) conduct which is subject to penalty under 26 U.S.C. §§ 6694 or 6695, which deal with understatement of tax liability and failure to properly file, retain, or handle returns, or any other conduct "subject to any criminal penalty provided by this title;" (2) misrepresentation of eligibility to practice before the IRS or of "experience or education as a tax return preparer;" (3) guaranteeing payment of any tax refund or tax credit; or (4) conduct "which substantially interferes with the proper administration of the Internal Revenue Serivce laws." 26 U.S.C. §§ 7407(1)(A)-(D). Understatement of tax returns, guaranteeing payment of tax returns, and misstating tax law so as to deceive those who file returns have all been found to be conduct which is clearly actionable under Section 7407. *Venie*, 691 F.Supp. at 837-38. Directing tax return into a personal bank account and use of another's PTIN number are also specifically prohibited conduct. 26 U.S.C. §§ 6695(c) (citing 26 U.S.C. § 6109(a)(4)) (stating that a preparer must use their PTIN for every return prepared for proper individual identification), 6695(f) (forbidding preparer from endorsing

a taxpayer's return check).

Finally, Section 2408 authorizes an injunction if two conditions are met: (1) any person engages in certain "specified conduct;" and (2) injunctive relief is appropriate to prevent recurrence of such conduct. 26 U.S.C. §§ 7408(b)(1)-(2). Specified conduct under Section 7408 includes: (1) conduct which is subject to penalty under 26 U.S.C. §§ 6700 (promoting false tax shelters), 6701 (aiding the understatement of tax liability), 6707 (failing to file or inform the IRS about certain transactions), or 6708 (failing to maintain list of advisees with respect to reportable transactions); or (2) conduct which is in violation of 31 U.S.C. § 330, which requires competency, good character, and certain formalities when conducting business with the United States Treasury. 26 U.S.C. § 7408. Preparers have been found to engage in prohibited specified conduct under Section 7408 when they prepare a return knowing it will be used in connection with understatement of tax liability to the IRS. *James*, 2011 WL 1422894, at *8.

After considering whether conduct violates one of the three statutes, courts ask whether injunctive relief is appropriate according to the four traditionally considered factors for an injunction: "'(1) significance of the threat of irreparable harm to the plaintiff if the injunction is not granted; (2) the state of the balance between this harm and the injury that granting the injunction would inflict on defendant; (3) the probability that plaintiff will succeed on the merits; and the (4) the public interest.'" *Venie*, 691. F. Supp. at 838 (quoting Wright and Miller, Federal Practice and Procedure § 2948); *see also Bell*, 238 F.Supp.2d at 699-700 (stating the same factors, but in a different order). Analysis of these factors help identify whether there is a likelihood of recurrence of the specified conduct as is required to grant an injunction under Sections 7407 and 7408 as well as whether granting an injunction under Section 7402 is the fair and equitable result. *See Id.* ("[W]e must now determine whether injunctive relief is appropriate to prevent the reccurrence of such conduct

7

. . . [w]e find it appropriate to consider here the four traditional factors used in determining the propriety of injunctive relief."); *Bell*, 238 F.Supp.2d at 699-700 (applying equitable factors to motion for preliminary injunction under Section 7402); *see also United States v. Majette*, 2014 WL 5846092, at *3 (D.N.J. 2014) (applying equitable factors to action brought simultaneously under Sections 7402, 7407, and 7408).

A.     **Conduct which violates §§ 7402, 7407, and 7408**

First identifying whether Alberto's conduct qualifies for an injunction under the relevant tax code provisions, for Section 7407, it is undisputed that Alberto is a tax preparer as it an admitted material fact put forth by the Government. *See Majette*, 2014 WL 5846092, at *2; (Doc. 13-3 at ¶ 1; Doc. 13-2 at ¶ 4). Alberto would also qualify as "any person" for the purposes of Section 7408 as long as she engaged in the conduct prohibited. *See generally* 26 U.S.C. § 7408; *see also Majette*, 2014 WL 5846092, at *2 (considering a tax preparer who violated Section 7407 as any person under Section 7408). Similar to Section 7408, Section 7402's broad language does not specify that only particular individuals are subject to its reach so long as their conduct involves the proper enforcement of the internal revenue laws. *See generally* 26 U.S.C. § 7402.

Next evaluating whether her conduct constitutes violations of the tax codes, under Section 7407, Alberto has engaged in prohibited conduct by undisputedly: filing claims with false deductions and false tax credits which resulted in understatement of liability, (Doc. 13-3 at ¶¶ 4, 7, 9-12, 14, 18; Doc. 13-2 at ¶¶ 10-16, 18-19, 23); using another's PTIN while hers was suspended, (Doc. 13-3 at ¶¶ 20-21; Doc. 13-2 at ¶¶ 30-31); and failing to follow the policies and practices recommended by the IRS, including instructions concerning direct deposit of portions of a refund into a personal account and instructions regarding proper calculation of deductible expenses, (Doc. 13-3 at ¶¶ 6, 16-17, 22-26; Doc. 13-2 at ¶¶ 21-25, 26-29). *See Venie*, 691 F.Supp. at 837-38 (finding tax preparer violated Section 7407 when

he filed returns that understated liabilities, misstated tax obligations, and interfered with proper administration of the tax code)*; James, 2011 WL 1422894, at \*7 (same); Majette*, 2014 WL 5846092, at \*2 (same). I also note that this conduct specifically violates 26 U.S.C. §§ 6695(c) and 6695(f), which respectively forbid using another's PTIN for identification on a return and endorsing a check given to a taxpayer as their return. *See generally* 26 U.S.C. §§ 6695(c) and 6695(f).

This same pattern of conduct constitutes a violation of Section 7408, which similarly forbids the understatement of tax liabilities on returns and other violations of the tax code. *See James, 2011 WL 1422894,* at \*8 (E.D. Pa. 2011). Finally, this conduct would also entitle the Government to enjoin Alberto from her activities under Section 7402, which, as stated, broadly prohibits violations of the tax code in any form, and which has been found to be violated when Sections 7407 and 7408 are violated. *See United States v. Franchi,* 756 F.Supp. 889, 890 (W.D. Pa. 1991) (internal citation and quotation omitted) (holding that under Section 7402, "the district court may enjoin any action to impede proper administration of the tax laws"); *see also generally Majette*, 2014 WL 5846092 (finding that Defendant violated Sections 7402, 7407, and 7408 for the same conduct). Accordingly, the Defendant's understatement of tax liabilities, as well as her other violations, both done is her capacity as a tax preparer, as all shown by the Government in its uncontested Motion, satisfies the conduct requirements of all three relevant tax provisions as a matter of law.

**B.    Application of Equitable Factors**

I now move to evaluating whether the equitable factors for granting a preliminary injunction have been satisfied by the Government.

1.    Significance of Threat

For significance of threat of irreparable harm, I ask whether the harms caused by the defendant can be addressed by any method other than an injunction and whether an

9

injunction is the only way to protect the plaintiff's interest. *James*, 2011 WL 1422894, at *8 (citing *Campbell Soup Co. v. Conagra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1976); *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).

As it applies to preparers under these tax codes and the injury caused, I consider the Government's immense time and expense in: auditing every one of the preparer's returns; meeting with taxpayers to devise strategies to pay back liabilities; and attempting to collect payment. *Venie*, 691 F.Supp. at 838. In cases where the preparer has filed thousands of returns, I further acknowledge that tracking down every return is a near impossible task which would consume significant resources. *Bell*, 238 F.Supp.2d at 701-02. I also acknowledge the great expense of monitoring future returns and the resources necessary to ensure compliance absent an injunction. *Majette*, 2014 WL 5846092, at *3.

As such, in cases where numerous false returns have been filed and it seems they will still be filed despite warnings to desist, such as in this case, I will find, and do find here, that the threat to the Government, its resources, and the taxpayers is significant enough to grant an injunction.

2. Balance between Harm and Injury

In balancing the harm just discussed against Alberto's potential injury, I will consider the extent of the harm, including its expected persistence despite warnings and instructions to stop the violations, *Majette,* 2014 WL 5846092, at *3, and weigh it against the potential loss of livelihood of the defendant as a result of the issuance of an injunction. *Venie,* 691 F.Supp. at 838-39; *James,* 2011 WL 1422894, at *9. In cases where the preparer has filed and might still file thousands of returns, the enforcement burden on the government can become too great than it should be required to bear. *See Id*. (discussing harm in letting a preparer continue to file returns despite potential loss of livelihood). Because the undisputed harm here, in terms of enforcement costs by the Government and tax liabilities

to individual taxpayers, is so great and because if Alberto would be allowed to continue preparing returns, the harm would only continue, I find on balance that Alberto should be enjoined from acting as a tax preparer.

3.  Probability of Success on Merits

For showing probability of success on the merits, the Government need only establish that the defendant's conduct violated the applicable standards of conduct designated by Section 7402, 7407, and 7408. *Venie,* 691 F.Supp. at 839; *see also James*, 2011 WL 1422894, at *8 (concluding that a finding that defendant was a tax preparer who engaged in prohibited conduct under the statute correlated to a high likelihood of success on the merits). I have found that the Defendant's actions meet the standards for violating the relevant tax codes, and, upon consideration of the instant equitable factors, likely to recur given past violations. Therefore, the claim would likely succeed on the merits.

4.  Public Interest

For the final factor, I consider the effects the defendant's false filing has on her customers and the public at large. *Venie*, 691 F.Supp. at 839; *Majette*, 2014 WL 5846092, at *3. This includes considering the liabilities she has caused to be incurred to others and the liabilities that will be incurred if she continues to hold herself out as a tax return preparer. *Id*. I will take into account the defendant's demonstrated knowledge of the tax code given her past violations, and therefore her likelihood to prepare erroneous returns in the future. *Id*.; *see also Franch,* 756 F.Supp. at 895 (finding that continuous misstatement of the tax codes warrants an injunction in the interest of the tax-paying public). Finally, I consider whether the efficacy of the current system of taxation will be undermined if behavior like the Defendant's is allowed to continue. *Bell*, 238 F.Supp.2d at 705; *Majette*, 2014 WL 5846092, at *3. This factor then clearly weighs in favor of the Government as failure to issue an injunction will cause the continuous undermining of the tax system and

result in continuous tax deficiencies and liabilities for the public.

Upon collective consideration of these factors, consistent with Sections 7402, 7407, and 7408 of the tax code, it has been shown that the Defendant's behavior is likely to recur absent an injunction as the Government has shown noncompliance with the tax code and there is nothing in the record to indicate that the Defendant would suddenly change her pattern of behavior absent judicial intervention. *See Majette,* 2014 WL 5846092, at *2 (finding that high volume of returns and high rate of understatement of liability show that behavior is likely to recur absent a permanent injunction).

Accordingly, there is no genuine dispute of material fact regarding Defendant's violation of the relevant tax codes and the Government's right to an injunction. The Defendant is permanently enjoined pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408 from, directly and indirectly, engaging in tax preparation services for others.

## IV. Conclusion

Because the Defendant violated the relevant tax codes and injunctive relief is appropriate, Plaintiff's Motion for Summary Judgment will be granted.

An appropriate order follows.

February 13, 2020                                /s/ A. Richard Caputo
Date                                                      A. Richard Caputo
                                                                       United States District Judge